UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY MILES BARTLETT,

                              Plaintiff,

              -against-

TRIBECA LENDING CORP; FRANKLIN
MORTGAGE – ASSET TRUST 2009-A,

                              Defendants.

22-CV-5761 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated January 29, 2016, the court barred Plaintiff from filing any future civil

action in this court regarding his 2007 state-court foreclosure action without first obtaining

permission from the court to file. *See Bartlett v. Tribeca Lending Corp.*, ECF 1:15-CV-6102, 11

(S.D.N.Y. Jan. 29, 2016). Plaintiff files this new *pro se* action seeking to proceed *in forma*

*pauperis* (IFP) and requesting permission to file this action in which he asks this Court to

recognize as void a judgment issued on September 10, 2008, in his 2007 state-court foreclosure

action.

The Court, having reviewed Plaintiff's request to file this action made pursuant to the

court's January 29, 2016, order in *Bartlett*, 1:15-CV-6102, denies that request because Plaintiff

fails to show that this new action is a departure from his history of bringing vexatious and

nonmeritorious litigation in this court concerning his 2007 state-court foreclosure action.

Plaintiff's attempt to characterize this submission as an independent action for relief from a

judgment under Federal Rule of Civil Procedure 60(d)(1) does not change the fact that Plaintiff is

again asking this Court to overturn the state court's 2008 judgment.[1] Accordingly, the Court also

---

[1] In any event, Rule 60(d)(1) does not give this Court authority to review the state court's
decision. Rule 60(b) of the Federal Rules of Civil Procedure allows for a federal district court to
set aside on various grounds a judgement that was rendered in that court. Under Rule 60(d)(1), a

denies Plaintiff's application to proceed IFP and dismisses this action without prejudice under the court's January 29, 2016 order in *Bartlett*, 1:15-CV-6102.

## LITIGATION HISTORY AND WARNING

Since entry of the bar order on January 29, 2016, Plaintiff has attempted to file seven actions challenging his 2007 state-court foreclosure proceedings, all of which have been denied by the court. *See Bartlett v. Tribeca Lending Corp.*, ECF 1:21-CV-9116, 4 (S.D.N.Y. Nov. 23, 2021) (denying plaintiff Bartlett's request for permission to file and dismissing the action under the bar order), *aff'd*, No. 21-2935 (2d Cir. 2022); *Bartlett v. Tribeca Lending Corp.*, ECF 1:21-CV-2913, 3 (S.D.N.Y. Apr. 9, 2021) (same); *Bartlett v. Tribeca Lending Corp.*, ECF 1:21-CV-3564, 4 (S.D.N.Y. June 1, 2021) (same); *Bartlett v. Tribeca Lending Corp.*, ECF 1:19-CV-4069, 4 (S.D.N.Y. May 15, 2019) (same); *Bartlett v. Tribeca Lending Corp.*, ECF 1:19-CV-8374, 5 (S.D.N.Y. May 28, 2020) (same); *Bartlett v. Tribeca Lending Corp.*, ECF 1:19-CV-10207, 8 (S.D.N.Y. Nov. 15, 2019) (dismissing plaintiff Bartlett's fee-paid complaint as frivolous and under the bar order); *Bartlett v. Tribeca Lending Corp.*, ECF 1:18-CV-10279, 7 (S.D.N.Y. Apr. 12, 2019) (denying plaintiff Bartlett permission to file and dismissing the complaint as frivolous and under the bar order).

Plaintiff has also filed three actions in this Court prior to entry of the bar order. *Bartlett v.*

---

party may also bring an "independent action" to seek such relief. *See* Fed. R. Civ. P. 60(d)(1). Nothing in the rule, however, vests one court with authority to review another court's decisions. *See Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) ("Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering judgment." ); *Caron v. TD Ameritrade*, No. 19-CV-9015 (AJN), 2020 WL 7027593, at *3 (S.D.N.Y. Nov. 30, 2020) ("Rule 60(b) allows for a federal district court to set aside a judgment that was rendered in that court." ). As Plaintiff has repeatedly been informed, "[t]he *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021).

*Tribeca Lending Corp.*, ECF 1:15-CV-6102, 4 (S.D.N.Y. Oct. 20, 2015) (dismissing plaintiff Bartlett's claims arising from his 2008 state-court judgment under the doctrine of judicial immunity and the *Rooker-Feldman* doctrine, and directing Bartlett to show cause why a bar order should not enter), *appeal dismissed as frivolous*, No. 15-3579 (2d Cir. Dec. 23, 2015), *bar order entered*, ECF 1:15-CV-6102, 11 (S.D.N.Y. Jan. 29, 2016); *Bartlett v. Tribeca Lending Corp.*, ECF 1:15-CV-0602, 4 (S.D.N.Y. Feb. 17, 2015) (dismissing complaint challenging the 2008 state court judgment as an attempt to relitigate his prior action, No. 14-CV-7888, which was dismissed for failure to state a claim and on immunity grounds, and warning Bartlett that further duplicative or vexatious litigation may lead to a bar order); *Bartlet* [2] *v. Tribeca Lending Corp.*, ECF 1:14-CV-7888, 4 (S.D.N.Y. Oct. 28, 2014) (dismissing plaintiff Bartlett's claims arising from his state-court foreclosure action for failure to state a claim, under the doctrine of judicial immunity, and under the *Rooker-Feldman* doctrine).

Plaintiff is warned that the continued submission of duplicative, vexatious, frivolous, or otherwise nonmeritorious litigation in this court may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court denies Plaintiff's request to file this action (ECF 4), as well as his IFP application, and dismisses the action without prejudice under the court's January 29, 2016, order in *Bartlett v. Tribeca Lending Corp.*, ECF 1:15-CV-6102, 11 (S.D.N.Y. Jan. 29, 2016).

Plaintiff is warned that continued submission of duplicative, vexatious, frivolous, or otherwise nonmeritorious litigation in this court may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

---

[2] Plaintiff's last name is misspelled on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 14, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                          Chief United States District Judge